## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 8:21-cv-2515-TPB-SPF |
| CORERX, INC., | ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| BIONPHARMA INC., | ) ) | |
| Intervenor-Defendant (Motion Pending) | ) ) | |

## THIRD-PARTY BIONPHARMA INC.'S MOTION TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT

Third-party Bionpharma Inc. ("Bionpharma") respectfully moves this Court pursuant to Fed. R. Civ. P. 24(a)(2) and 24(b)(1)(B) for leave to intervene as a defendant.  Bionpharma does not seek to reopen this case; Bionpharma only seeks to intervene to oppose the Joint Motion to Reopen Case for Limited Purpose of Correcting Dismissal (D.I. 18, "Joint Motion"), which seeks to deprive Bionpharma of a claim preclusion defense it has in parallel, related litigation involving the same accused product and asserted patents that are at issue here.

Broadly speaking, Bionpharma seeks leave to intervene in this action to

defend and exonerate its 1 mg/mL enalapril maleate oral solution prescription drug product ("Bionpharma's ANDA product"), and to dispell the cloud of litigation that threatens its manufacturing and supplier relationships, such as that with Defendant CoreRx, Inc. ("CoreRx").

More particularly, Bionpharma has a compelling interest in opposing the Joint Motion (D.I. 18), as the resolution of that Motion will impact a pending motion to dismiss that Bionpharma has filed in connection with related litigation between Azurity and Bionpharma currently pending in the District of Delaware. Bionpharma is attempting to prevent an end-run around prior decisions adverse to Plaintiff with respect to the patents-in-suit. Granting this motion will not prejudice the rights of any existing party, and it appears that no party wishes for this case to be reopened (*id.*). Denying the motion, however, will greatly prejudice the interests of Bionpharma.

Before the case was dismissed, Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity") indicated that it opposes a motion by Bionpharma to intervene in the case, while CoreRx did not consent but did not state that it would oppose this Motion.

## INTRODUCTION AND FACTUAL BACKGROUND

Bionpharma is a generic drug company that develops and commercially markets affordable quality generic medications. In 2018, Bionpharma prepared and filed with the U.S. Food and Drug Administration ("FDA") Abbreviated New Drug

128005017.1

Application ("ANDA") No. 212408 ("Bionpharma's ANDA"), which sought FDA approval to market a 1 mg/ml enalapril maleate oral solution as generic to Azurity's Epaned® antihypertensive prescription drug product ("Bionpharma's ANDA product"). Bionpharma's ANDA was approved on August 10, 2021, and Bionpharma commercially launched its ANDA product shortly thereafter.

In response to the filing of Bionpharma's ANDA, Azurity began instituting what would become three waves of lawsuits against Bionpharma in the United States District Court for the District of Delaware before the Honorable Leonard P. Stark, alleging that Biopharma's ANDA and ANDA product infringe Azurity's Epaned® patent estate ("the Delaware Suits"). The First[1] and Second[2] Wave Suits were resolved in Bionpharma's favor,[3] and the Third Wave Suits,[4] which assert the same patents asserted here against CoreRx,[5] remain pending after Bionpharma recently defeated a preliminary injunction motion from Azurity seeking to remove

---

[1] *Silvergate Pharm., Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962-LPS and 19-1067-LPS (D. Del.). Azurity is successor-in-interest to Silvergate Pharmaceuticals, Inc., the named plaintiff in the First and Second Wave Suits.

[2] *Silvergate Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 20-1256-LPS (D. Del.).

[3] *See Silvergate Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 18-1962-LPS, 2021 WL 1751148 (D. Del. Apr. 29, 2021); *Silvergate Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 20-1256-LPS (D. Del.), D.I. 106, Joint Stipulation of Dismissal.

[4] *Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. Nos. 21-1286-LPS, 21-1455 LPS (D. Del.).

[5] U.S. Patent Nos. 11,040,023 ("'023 patent") and 11,141,405 ("'405 patent") (collectively, "the patents-in-suit").

128005017.1

Bionpharma's ANDA product from the market.[6]

Over three years after Azurity began instituting the Delaware Suits, in what appears to be an attempt to circumvent Judge Stark's rulings, Azurity brings this action against CoreRx, the company that Bionpharma contracted with to (in collaboration with Bionpharma) develop Bionpharma's ANDA product, and to commercially manufacture and supply Bionpharma's ANDA product, alleging that, *inter alia*, CoreRx's commercial manufacture and supply of Bionpharma's ANDA product infringes the patents-in-suit. D.I. 1, Compl. ¶ 1.   Azurity also filed an essentially duplicative action against CoreRx in the District of Delaware.  *Azurity Pharm., Inc. v. CoreRx, Inc.*, C.A. No. 21-1522-LPS (D. Del.) ("Delaware CoreRx suit"), D.I. 1, Compl.

Bionpharma clearly has an interest in the subject matter of this litigation—the continued, uninterrupted manufacture and supply of its ANDA product.  However, Azurity is owned by NovaQuest Capital Management ("NovaQuest"), a private equity firm,[7] and earlier this year NovaQuest acquired CoreRx.[8]  Because of the

---

[6] *See Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 21-1286-LPS (D. Del.), D.I. 87, Oral Order.

[7] Ex. B, M&A Deal Summary, *NovaQuest Capital Management Acquires Azurity Pharmaceutical*, Mergr.com, https://mergr.com/novaquest-capital-management-acquires-azurity-pharmaceuticals (last visited Nov. 12, 2021).

[8] Ex. C, *NovaQuest Private Equity Acquires CoreRx, Inc.*, Business Wire (Jan. 19, 2021), https://www.businesswire.com/news/home/20210119005200/en/NovaQuest-Private-Equity-Acquires-CoreRx-Inc.

common ownership between Azurity, Bionpharma's competitor, and CoreRx, Bionpharma's commercial manufacturer and supplier,[9] Bionpharma has reason to believe that its interest in the subject of this action may not be adequately represented.[10]  Thus, Bionpharma respectfully seeks leave to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2).  Alternatively, the patents-in-suit are also being asserted against Bionpharma in the Third Wave Suits, and Bionpharma has raised non-infringement and invalidity defenses that share with the instant action common questions of law and fact.  Thus, permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) is warranted.

Finally, on November 26, 2021, Azurity voluntarily dismissed the instant action and the Delaware CoreRx suit.  D.I. 16, Notice of Dismissal; Delaware CoreRx suit, D.I. 6, Notice of Dismissal.  By operation of law, the second of those two voluntary dismissals was a adjudication upon the merits and, thus, a with

---

[9] Upon information and belief, NovaQuest owns and controls Azurity and CoreRx through an intermediate holding company, CutisPharma,.  Ex. D, *NovaQuest Capital Management Acquires CutisPharma, Inc.*, PR NEWSWIRE (Mar. 26, 2018), https://www.prnewswire.com/news-releases/novaquest-capital-management-acquires-cutispharma-inc-300619121.html.  Azurity identifies CutisPharma Intermediate Holdings Inc. as owning 10% or more of its stock.  D.I. 3, Pl.'s L.R. 3.03 Disclosure Statement.

[10] Because the plaintiff patent owner (Azurity) and defendant accused infringer (CoreRx) are actually commonly-owned affiliates, there is no justiciable case or controversy between adverse litigants sufficient to support subject matter jurisdiction over Azurity's patent infringement claims against CoreRx.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  As such, Bionpharma has raised a subject matter jurisdiction defense in its proposed answer (Ex. A) and, if permitted to intervene, will explain to the Court that Azurity's Joint Motion (D.I. 18) should be denied because, *inter alia*, the instant lawsuit and a duplicative suit Azurity filed against CoreRx in Delaware represent sham litigation that was about enforcing legitimate patent rights.

5

128005017.1

prejudice dismissal of Azurity's infringement claims against CoreRx and, in particular, Bionpharma's ANDA product.  Fed. R. Civ. P. 41(a)(1)(B).  Because Bionpharma and CoreRx are in privity with respect to Bionpharma's ANDA product and Azurity's '023 and '405 patent infringement claims, Bionpharma has moved to dismiss the Third Wave Suits on claim preclusion grounds and the "two dismissal rule" of Rule 41(a)(1)(B).[11]  In response, Azurity has filed in the instant action Joint Motion to vacate its own notice of dismissal.  D.I. 18.  Because the granting of the Joint Motion could potentially deprive Bionpharma of its non-infringement defense based on the "two dismissal rule" and claim preclusion, and undermine Bionpharma's pending Motion to Dismiss the Third Wave Suits, Bionpharma has a compelling interest in opposing the Joint Motion which is not adequately represented by the existing parties in this action.

For the foregoing reasons, explained more fully below, Bionpharma respectfully requests that it be granted leave to intervene as a defendant in this action, and attaches hereto as Exhibit A its proposed Answer in Intervention.[12]

## ARGUMENT

## I.    LEGAL STANDARD

To intervene by right, a movant must show:  (1) its application to intervene is

---

[11] *Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 21-1286-LPS (D. Del.), D.I. 97;  *Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. No.  21-1455 LPS (D. Del.), D.I. 12.

[12] Exhibit A (Bionpharma's Answer in Intervention) is submitted herewith as required by Fed. R. Civ. P. 24. Bionpharma does not, however, seek to reopen this case.

timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit.  Fed. R. Civ. P. 24(a)(2); *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695-96 (11th Cir. 2017).  For permissive intervention, a movant must show:  (1) its motion is timely; (2) it has a claim or defense that shares a common question of law or fact with the main action; and (3) its intervention will not cause undue delay or prejudice the rights of the original parties. FED. R. CIV. P. 24(b)(1)(B); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

## II.   BIONPHARMA SHOULD BE GRANTED INTERVENTION AS A MATTER OF RIGHT

Fed. R. Civ. P. 24(a)(2) provides the Court, on timely motion, "must permit" "anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Bionpharma meets all of these requirements and is entitled to intervene as a matter of right.

### A. Bionpharma's Motion is Timely

In determining whether a motion to intervene is timely, courts consider:  (1) the length of time during which the proposed intervenor knew or reasonably should

have known of its interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or should have known about its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the motion to intervene was timely. *Ga. v. U.S. Army Corp. of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citation omitted).

Bionpharma files this Motion mere hours after Azurity's and CoreRx's attempt to modify Azurity's own voluntary notice of dismissal (D.I. 18). Bionpharma's motion therefore does not prejudice the other parties. Bionpharma moved for intervention as soon as it knew or should have known about its interest and Azurity's attempt to modify its own notice of dismissal. *See Fla. Med. Ass'n v. Dept. of Health, Educations & Welfare*, No. 3:78-cv-178-J-34MCR, 2011 WL 4459387, at *5-6, *8-9, *16 (M.D. Fla. Sept. 26, 2011).

Regarding the third factor, Bionpharma should be allowed to intervene to defend the manufacture and commercialization of its ANDA product, or it will suffer substantial prejudice.  Plaintiff has alleged that Bionpharma's product infringes in other venues, so Bionpharma would suffer great prejudice if it is not allowed to oppose what will amount to a procedural end-run around adverse rulings elsewhere. No unusual circumstances exist for finding Bionpharma's motion is not timely.

8

Thus, Bionpharma respectfully submits that the Motion is timely.

## B. Bionpharma Has an Enormous Interest in the Subject Matter of this Litigation

As to the second element, a non-party has a sufficient interest in the property or transaction at issue when the nonparty has a "direct, substantial, legally protectable interest in the proceedings." *Chiles*, 865 F.2d at 1213.

As explained above, Bionpharma contracted with CoreRx to, in collaboration with Bionpharma, develop Bionpharma's ANDA product, and CoreRx currently commercially manufactures and supplies Bionpharma's ANDA product. Bionpharma has been commercially marketing its ANDA product in the United States since August 17, 2021, and is currently enjoying a 180-day period of non-patent marketing exclusivity granted to Bionpharma by FDA because Bionpharma was the first generic drug company to develop and seek approval for a generic version of Epaned® prior to the expiration of Azurity's Epaned® patents. *See* 21 U.S.C. § 355(j)(5)(B)(iv). Bionpharma also recently defeated a preliminary injunction motion from Azurity seeking to remove Bionpharma's ANDA product from the market based on one of the two patents-in-suit (the '023 patent). *See Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 21-1286-LPS (D. Del.), D.I. 87, Oral Order.

In its Complaint, Azurity alleges that "CoreRx's manufacture, use, sale, importation, and/or offer to sell and/or inducement of or contributing to others to do

9

the foregoing within the United States of [Bionpharma's ANDA product] prior to the expiration of the patents-in-suit" constitutes infringement of the patents-in-suit, and seeks, *inter alia*, to enjoin CoreRx from manufacturing and supplying Bionpharma's ANDA product.  D.I. 1, Compl. ¶¶ 1, 33-57; *id.* at Prayer for Relief.  Thus, Bionpharma has an enormous interest in the subject matter of this litigation, and Azurity recognizes this:  in its Local Rule 3.03 Disclosure Statement (D.I. 3), Azurity represents that Bionpharma is an "entity which is likely to be an active participant in the proceedings."  D.I. 3, Pl.'s L.R. 3.03 Disclosure Statement at 2.  Moreover, Bionpharma and Azurity have been litigating Bionpharma's ANDA product and Azurity's Epaned® patents for the last three years in the District of Delaware, and are currently litigating the alleged infringement of the patents-in-suit by Bionpharma's ANDA product in that court.  The nearly complete overlap in the subject matter of the instant suit and the Third Wave Suits—which also involve the patents-in-suit and Bionpharma's ANDA product—is further evidence of the enormous interest Bionpharma has in the subject of this litigation.

Finally, as explained above, because Azurity has voluntarily dismissed the instant action and the duplicative Delaware CoreRx suit, Bionpharma has a claim preclusion defense that is currently the subject of a motion to dismiss that Bionpharma has filed in the Third Wave Suits in Delaware based on the "two dismissal rule" of Fed. R. Civ. P. 41(a)(1)(B).  Azurity seeks to deprive Bionpharma

of this defense by jointly moving to re-open this case for the limited purpose of substituting its notice of dismissal with a joint stipulation of dismissal without prejudice. Bionpharma should be allowed the opportunity to explain to this Court why the Joint Motion should be denied, including because Azurity has misused the Federal courts by filing sham litigation against a commonly-owned affiliate, CoreRx.

For at least the foregoing reasons, Bionpharma has a sufficient interest in this litigation justifying intervention as of right.

## C. Disposal of this Action Without Bionpharma's Participation Would Prejudice Bionpharma's Ability to Protect Its Interest

Unless Bionpharma is allowed to intervene in this action, its interests would not be adequately protected. *Chiles*, 865 F.2d at 1214. Progression of the case without Bionpharma's involvement would risk inconsistent rulings and judgments with the Third Wave Suits currently pending in the District of Delaware. Bionpharma has been involved in litigation with Azurity over Bionpharma's ANDA product and Azurity's Epaned® patents for the last three years in the District of Delaware, and is currently litigating the patents-in-suit there and whether Bionpharma's ANDA product infringes those patents. *See* the Third Wave Suits; *see also Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, C.A. No. 04-1337-KAJ, 2005 WL 2465898 at *1, 4 (D. Del. May 18, 2005) (granting motion to intervene "because it puts a willing manufacturer defendant in the forefront of litigation aimed

128005017.1

squarely at its product.").  Disposal of this suit without Bionpharma's involvement may impede Bionpharma's ability to ensure that its ANDA product is found to not infringe any valid claim of the patents-in-suit, and to ensure that Bionpharma is able to continue marketing its ANDA product and providing consumers with a lower-priced generic alternative to Epaned®.

### D. Bionpharma's Interest Is Represented Inadequately by the Existing Parties

The fourth factor, that the interest is represented inadequately by the existing parties to the suit, requires a "minimal" showing "that representation of [one's] interest 'may be' inadequate." *Chiles*, 865 F.2d at 1214 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (granting intervention as of right)).  Bionpharma needs to show only the possibility that its interests may be different than CoreRx. *Id.* at 1214-15.  As explained above, NovaQuest, which owns Azurity, recently acquired CoreRx.  Thus, because of the common ownership between Azurity, the Plaintiff patent owner in this suit, and CoreRx, the accused infringer, Bionpharma has a reasonable basis to believe that its interest in the subject matter of this litigation may be different, and therefore, inadequately represented by the current parties.[13]  Further, Bionpharma is "uniquely situated to understand and defend its own product," *Honeywell*, 2005 WL 2465898, at *4, and therefore meets

---

[13] Indeed, as Bionpharma will explain if allowed to intervene, there is likely no justiciable case or controversy between adverse litigants sufficient to support this Court's exercise of subject matter jurisdiction over Azurity's patent infringement claims against CoreRx.

the "minimal" standard for showing inadequate representation.  Bionpharma thus respectfully submits that it should be granted intervention as a matter of right under Fed. R. Civ. P. 24(a).

## III.  ALTERNATIVELY, BIONPHARMA SHOULD BE GRANTED PERMISSIVE INTERVENTION

Bionpharma's motion is timely and satisfies each of the factors required for intervention as of right.   But even if the Court concluded otherwise, it may nevertheless permit intervention on a motion to intervene if it finds that Bionpharma "has a claim or defense that shares with the main action a common question of law or fact."  FED. R. CIV. P. 24(b)(1)(B).  Here, Bionpharma has claims and defenses that have questions of law and fact in common with this action, such as non-infringement and invalidity in response to Plaintiff's infringement contentions with respect to the patents-in-suit.

A proposed permissive intervenor must show: (1) its motion to intervene is timely; and (2) its defense and the main action share a common question of law or fact.  *Chiles*, 865 F.2d at 1213.

### A.  Bionpharma's Motion is Timely

As explained above in connection with Bionpharma's arguments to support intervention as a matter of right, this Motion is timely.

### B.  This Action is Duplicative of the Delaware Suits

Bionpharma has claims and defenses to the patents-in-suit that share common

questions of law and fact with this action:  namely, the invalidity of the patents-in-suit,  and  the  non-infringement  of  Bionpharma's  ANDA  product.    In  fact, Bionpharma  and  Azurity  are  already  litigating  those  claims  and  defenses  in connection with the currently pending Third Wave Suits in Delaware.  Bionpharma's invalidity and non-infringement defenses are presumably be the same defenses that CoreRx will be expected to raise here.  Thus, it cannot be disputed that Bionpharma has claims and defenses that share common questions of law and fact with this suit.

### C. Intervention Will Not Cause Delay or Prejudice the Rights of Azurity or CoreRx

Finally, Bionpharma brings this Motion before CoreRx has even responded to the Complaint.  (D.I. 16.) Bionpharma does not seek to reopen this case; only to oppose the Joint Motion (D.I. 18), which seeks to deprive Bionpharma of a claim preclusion defense that Bionpharma has to the patents-in-suit involving the same accused product in the instant suit.  However, should this case be reopened and go forward,  Bionpharma's  defenses  will  likely  overlap  completely  with  CoreRx's defenses.  Thus, intervention will impose no delay in resolving this action (and may in fact speed it up given Bionpharma's familiarity with, and history litigating, Azurity's Epaned® patent family).

Furthermore, intervention by Bionpharma would not prejudice the rights of Azurity or CoreRx in any way.  Bionpharma and Azurity are already competitors actively litigating the same patents and accused activity in this action in connection

with the Third Wave Suits currently pending in the District of Delaware. Meanwhile, CoreRx and Bionpharma are in privity with one another as to the development and commercialization of Bionpharma's ANDA product, and thus likely have the same defenses to Azurity's infringement claims. As such, Bionpharma respectfully requests that it be granted permission to intervene.

## CONCLUSION

Bionpharma respectfully requests that it be allowed to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Alternatively, Bionpharma submits that it meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), and respectfully requests that it be granted leave to intervene permissively.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Bionpharma hereby certifies that on November 15, 2021, before this case was dismissed, Bionpharma and Azurity conducted a telephonic meet and confer concerning Bionpharma's proposed motion to intervene, and Azurity opposes it.

Bionpharma further certifies that it raised intervention a with CoreRx during a telephone conference held on November 11, 2021. Bionpharma and CoreRx further met and conferred over email, where CoreRx ultimately informed Bionpharma that it would not consent to the Motion; however, CoreRx did not

128005017.1

indicate that it would oppose the Motion.

Dated: December 10, 2021                 Respectfully submitted,

                                            **CARLTON FIELDS, P.A.**

                                            By: /s/ Eleanor M. Yost
                                            Eleanor M. Yost
                                            Florida Bar No. 1003178
                                            J. Coy Stull
                                            Florida Bar No. 15764
                                            4221 W. Boy Scout Blvd., Suite 1000
                                            Tampa, Florida 33607-5780
                                            Tel. No.:  (813) 229-4395
                                            Fax No.:  (813) 229-4133
                                            Email:  eyost@carltonfields.com
                                            Email: jstull@carltonfields.com

                                            Daniel C. Johnson
                                            Florida Bar No. 522880
                                            200 S. Orange Avenue, Suite 1000
                                            Orlando, Florida 32801-3456
                                            Tel. No.:  (407) 849-0300
                                            Fax No.:  (407) 648-9099
                                            Email: djohnson@carltonfields.com
                                            Secondary:  dcarlucci@carltonfields.com
                                            Secondary:  orlecf@cfdom.net

                                            -and-

                                            **TAFT, STETTINIUS**
                                            **& HOLLISTER LLP**
                                            Andrew M. Alul (*pro hac vice* motion to be
                                            filed)
                                            (Lead Counsel)
                                            Roshan P. Shrestha, Ph.D. (*pro hac vice*
                                            motion to be filed)

111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Tel. No.:  312-527-4000
Email: aalul@taftlaw.com
Email: rshrestha@taftlaw.com

*Attorneys for Proposed Intervenor-*
*Defendant Bionpharma Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been furnished, electronically, through the CM/ECF system, to all counsel of record, and via email, noted above, to counsel at TAFT, STETTINIUS & HOLLISTER LLP, and via mail to:

Kristina Hanson
Wilson Sonsini Goodrich and Rosati
Suite 3300
One Market Plaza
Spear Tower
San Francisco, CA 94150

Wendy Devine
Wilson Sonsini Goodrich and Rosati
One Market Plaza
SpearnTower, Suite 3300
San Francisco, CA 94150

on this December 10, 2021.

/s/Eleanor M. Yost
Eleanor M. Yost

128005017.1