# EXHIBIT A

128004963.1

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 8:21-cv-2515-TPB-SPF |
| CORERX, INC., | ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| BIONPHARMA INC., | ) ) | |
| Intervenor-Defendant | ) | |

**[PROPOSED] INTERVENOR-DEFENDANT BIONPHARMA INC.'S**
**ANSWER, DEFENSES, AND COUNTERCLAIMS IN INTERVENTION**

Intervenor-Defendant Bionpharma Inc. ("Bionpharma") by its undersigned counsel, for its Answer, Defenses, and Counterclaims to the Complaint for Patent Infringement (D.I. 1, "Complaint") filed by Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity" or "Plaintiff"), states as follows:

**ANSWER**

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), Bionpharma denies all allegations in Plaintiff's Complaint except those specifically admitted below:

## THE NATURE OF THE ACTION

1.      This is an action for patent infringement of United States Patent Nos. 11,040,023 (the "'023 patent") and 11,141,405 the "'405 patent") (collectively the "Patents-in-Suit") and damages under the patent laws of the United States, Title 35, United States Code, that arises out of CoreRx's manufacture, use, sale, importation, and/or offer to sell and/or inducement of or contributing to others to do the foregoing within the United States of the product that is the subject of Bionpharma Inc.'s ("Bionpharma") ANDA No. 212408 ("CoreRx Formulation") prior to the expiration of the Patents-in-Suit. Azurity seeks all available relief under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and any other applicable laws for CoreRx's infringement of the Patents-in-Suit.

**ANSWER**: Paragraph 1 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Bionpharma admits that Azurity's Complaint purports to state an action for infringement of U.S. Patent Nos. 11,040,023 (the "'023 patent") and 11,141,405 the "'405 patent") under Title 35 of the United States Code based on certain activities by Defendant CoreRx, Inc. ("CoreRx") with respect to the product that is the subject of Bionpharma's Abbreviated New Drug Application ("ANDA") No. 212408 ("Bionpharma's ANDA") concerning a 1 mg/mL enalapril maleate oral solution described therein ("Bionpharma's ANDA product"). Bionpharma denies all remaining allegations of paragraph 1.

## THE PARTIES

2.      Azurity is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8 Cabot Road, Suite 2000, Woburn MA 01801.

**ANSWER:** Bionpharma lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2, and on that basis denies these allegations.

3.      On information and belief, CoreRx is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 14205 Myerlake Cir., Clearwater, FL 33760. On information and belief, CoreRx is in the business of, among other things, developing, manufacturing, and selling generic copies of branded pharmaceutical products for the U.S. market.

**ANSWER:** Bionpharma lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3, and on that basis denies these allegations.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., and from CoreRx's manufacture, use, sale, importation, and/or offer to sell and/or inducement of or contributing to others to do the foregoing within the United States of the CoreRx Formulation before the expiration of the Patents-in-Suit.

**ANSWER:** Paragraph 4 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, denied.

5.      This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331, 1338(a) (patent infringement). Relief is sought under 35 U.S.C. §§ 271(a)-(c).

**ANSWER:** Paragraph 5 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, denied.

6.     This Court has personal jurisdiction over CoreRx because, among other things, on information and belief, CoreRx is a corporation formed under the laws of the State of Florida that maintains a principal place of business in Florida.

**ANSWER:** Paragraph 6 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Bionpharma is without sufficient information with which to admit or deny the allegations of Paragraph 6, and therefore denies the allegations of this Paragraph.

7.     Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

**ANSWER:**  Paragraph 7 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, denied.

## AZURITY'S EPANED® PRODUCT

8.     Azurity holds approved NDA No. 208686 for a ready-to-use oral solution of enalapril maleate, which is prescribed and sold under the trade name Epaned®.

**ANSWER:**  Bionpharma lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8, and on that basis denies these allegations.

9.     Azurity's Epaned® product is the first FDA approved and labeled ace inhibitor treatment that is a ready-to-use oral solution for hypertension in children under six years of age. Epaned® is also indicated to treat hypertension in adults, heart failure, and asymptomatic left ventricular dysfunction.

**ANSWER:** Denied.

## PATENTS-IN-SUIT

10.     The '023 patent, entitled "Enalapril Formulations," issued on June 22, 2021. A true and correct copy of the '023 patent is attached to this Complaint as Exhibit A.

**ANSWER**: Paragraph 10 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Bionpharma admits that what purports to be a copy of the '023 patent is attached to the Complaint as Exhibit A; that the '023 patent is entitled "Enalapril Formulations" and bears an issue date of June 22, 2021.  Bionpharma denies any suggestion that the '023 patent is valid or enforceable.  Bionpharma lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 10, and on that basis denies these allegations.

11.     The '023 patent was duly and legally issued to Azurity as the assignee and Azurity owns all rights, title, and interest in the '023 patent.

**ANSWER:** Paragraph 11 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, denied.

12.     Pursuant to 21 U.S.C. § 355, the '023 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with Azurity's Epaned® product.

**ANSWER:** Paragraph 12 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, admitted.

13.     The '023 patent describes stable, oral liquid formulations of enalapril.

**ANSWER:** Paragraph 13 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, denied.

14.     The '023 patent expires on March 25, 2036.

**ANSWER:**  Paragraph 14 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, denied.

15.     The '405 patent, entitled "Enalapril Formulations," issued on October 12, 2021. A true and correct copy of the '405 patent is attached to this Complaint as Exhibit B.

**ANSWER**: Paragraph 15 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Bionpharma admits that what purports to be a copy of the '405 patent is attached to the Complaint as Exhibit B; that the '405 patent is entitled "Enalapril Formulations" and bears an issue date of October 12, 2021.  Bionpharma denies any suggestion that the '405 patent is valid or enforceable.  Bionpharma lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 15, and on that basis denies these allegations.

16.     The '405 patent was duly and legally issued to Azurity as the assignee and Azurity owns all rights, title, and interest in the '405 patent.

**ANSWER:** Paragraph 16 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, denied.

17.     Pursuant to 21 U.S.C. § 355, the '405 patent is listed in the Orange Book in connection with Azurity's Epaned® product.

**ANSWER:** Paragraph 17 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, admitted.

18.    The '405 patent describes stable, oral liquid formulations of enalapril.

**ANSWER:** Paragraph 18 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, denied.

19.    The '405 patent expires on March 25, 2036.

**ANSWER:**  Paragraph 19 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, denied.

## [ALLEGED] INFRINGEMENT BY CORERX

20.    On information and belief, CoreRx developed, manufactures, and sells the CoreRx Formulation.

**ANSWER:** Paragraph 20 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Bionpharma admits that CoreRx, in collaboration with Bionpharma, developed Bionpharma's ANDA product, and that CoreRx manufactures and supplies Bionpharma's ANDA product. Bionpharma denies all remaining allegations of Paragraph 20.

21.    On June 22, 2021, Azurity brought an action against Bionpharma alleging that the filing of ANDA No. 212408 was an act of infringement of the '023 patent because the CoreRx Formulation is covered by one or more claims in the '023 patent. That case is captioned *Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No. 21-1286-LPS (D. Del.) ("the '023 Bionpharma Action").

**ANSWER:** Paragraph 21 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Bionpharma admits

that Azurity instituted *Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No.

21-1286-LPS (D. Del.) ("the '023 Bionpharma Action") against Bionpharma.

Bionpharma denies all remaining allegations of Paragraph 21.

> 22.    During prior litigation regarding ANDA No. 212408, CoreRx was
> represented by the same counsel that represented Bionpharma. *See
> Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No. 18-
> 1962-LPS, D.I. 56 (D. Del. Mar. 13, 2020) & C.A. No. 19-1067-LPS,
> D.I. 68 (D. Del. Mar. 13, 2020).

**ANSWER:** Paragraph 22 contains legal conclusions and allegations to which

no answer is required.  To the extent an answer is required, admitted.

> 23.    On information and belief, CoreRx is aware of the '023 Bionpharma
> Action.

**ANSWER:** Bionpharma is without sufficient information with which to form

a belief as to the allegations of Paragraph 23, and therefore denies those allegations.

> 24.    On information and belief, CoreRx is aware that Azurity, in the '023
> Bionpharma Action, filed a motion for preliminary injunction
> ("Azurity's PI Motion") seeking to enjoin the sale of the CoreRx
> Formulation.

**ANSWER:** Bionpharma is without sufficient information with which to form

a belief as to the allegations of Paragraph 24, and therefore denies those allegations.

> 25.    On information and belief, CoreRx is aware that Bionpharma, in
> response to Azurity's PI Motion, does not deny that the CoreRx
> Formulation infringes several claims of the '023 patent.

**ANSWER:** Denied.

> 26.    On October 15, 2021, Azurity brought an action against Bionpharma
> for infringement of the '405 patent. That case is captioned *Azurity*

*Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No. 21-1455-LPS (D. Del.) ("the '405 Bionpharma Action").

**ANSWER:** Paragraph 26 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Bionpharma admits that Azurity instituted *Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No. 21-1455-LPS (D. Del.) ("the '405 Bionpharma Action") against Bionpharma. Bionpharma denies all remaining allegations of Paragraph 26.

27.     On information and belief, CoreRx is aware of the '405 Bionpharma Action.

**ANSWER:** Bionpharma is without sufficient information with which to form a belief as to the allegations of Paragraph 27, and therefore denies those allegations.

28.     The Patents-in-Suit expire on March 25, 2036.

**ANSWER:** Paragraph 28 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, denied.

29.     On information and belief, on August 10, 2021, several weeks after the '023 patent legally issued from the United States Patent and Trademark Office and Azurity brought suit for infringement of the '023 patent against Bionpharma, ANDA No. 212408 was approved by FDA. Thereafter, in blatant disregard for Azurity's patent rights, Bionpharma began offering for sale and selling the CoreRx Formulation which, on information and belief, was manufactured by CoreRx.

**ANSWER:** Paragraph 29 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Bionpharma admits its ANDA was approved by FDA and that it began selling its ANDA product, which

is supplied by CoreRx.  Bionpharma denies all remaining allegations of Paragraph

29.

30.    On information and belief, CoreRx has and continues to engage in the commercial manufacture and sale of the CoreRx Formulation before the expiration of the Patents-in-Suit with the knowledge and intent to infringe the Patents-in-Suit.

**ANSWER:** Denied.

31.    On information and belief, the CoreRx Formulation infringes at least one claim of the Patents-in-Suit, including at least claim 1 of the '023 patent and claim 1 of the '405 patent, under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER:** Denied.

32.    On information and belief, under 35 U.S.C. § 271(a)-(c), CoreRx has knowingly, willfully, repeatedly, and continually infringed at least one claim of the Patents-in-Suit, including at least claim 1 of the '023 patent and claim 1 of the '405 patent, by manufacturing, using, offering for sale, selling, and/or importing the CoreRx Formulation, and/or inducement of or contributing to others to do the foregoing in the United States before the expiration date of the Patents-in-Suit.

**ANSWER:** Denied.

## **CLAIMS FOR RELIEF**

### **Count I—[Alleged] Infringement of the '023 Patent under 35 U.S.C. § 271(a)-(c)**

33.    Azurity realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:** Bionpharma incorporates its answers to paragraphs 1 through 32 as if fully set forth herein.

34.     On information and belief, the CoreRx Formulation has received final approval from FDA.

**ANSWER:** Paragraph 34 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Bionpharma admits that its ANDA has been approved by FDA.  Bionpharma denies all remaining allegations of Paragraph 34.

35.     On information and belief, CoreRx has engaged in and/or induced and continues to induce another, including Bionpharma, to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the CoreRx Formulation.  CoreRx's acts of infringement have irreparably injured and damaged and continue to irreparably injure and damage Azurity.

**ANSWER:** Denied.

36.     The commercial manufacture, use, offer for sale, sale, and/or importation of the CoreRx Formulation is an act of direct infringement of one or more claims of the '023 patent under 35 U.S.C. § 271(a), including at least claim 1 of the '023 patent.

**ANSWER:** Denied.

37.     On information and belief, CoreRx is inducing infringement of one or more claims of the '023 patent under 35 U.S.C. § 271(b) by inducing the making, using, offering to sell, selling, and/or importation of the CoreRx Formulation in the United States. On information and belief, CoreRx is intentionally encouraging acts of direct infringement with knowledge of the '023 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

38.     On information and belief, CoreRx is contributorily infringing one or more claims of the '023 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing the CoreRx Formulation in the United States. On information and belief, CoreRx,

through offering to sell or selling the CoreRx Formulation, has offered to sell or sold, and continues to do so, within the United States or import into the United States a component of a composition or material for use in practicing one or more claims of the '023 patent. On information and belief, CoreRx conducts and has conducted such activities knowing such component of a composition or material to be especially adapted for a use that infringes one or more claims of the '023 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

**ANSWER:** Denied.

39.   The foregoing actions by CoreRx constitute infringement of the '023 patent.

**ANSWER:** Denied.

40.   CoreRx is committing those acts of infringement without license or authorization.

**ANSWER:** Denied.

41.   CoreRx is committing those acts of infringement despite its knowledge of both the '023 patent and the '023 Bionpharma Action.

**ANSWER:** Denied.

42.   Azurity is entitled to a judgement that the commercial manufacture, use, offer for sale, sale, and/or importation of the CoreRx Formulation infringes the '023 patent.

**ANSWER:** Denied.

43.   Azurity has suffered and will continue to suffer financial harm as a result of CoreRx's infringing activities.

**ANSWER:** Denied.

44.   The commercial manufacture, use, offer for sale, sale, and/or importation of the CoreRx Formulation in violation of Azurity's patent

rights has caused and is continuing to cause substantial and irreparable harm to Azurity for which damages are inadequate.

**ANSWER:** Denied.

45.    Azurity is entitled to monetary damages but, because the infringement by CoreRx of the '023 patent will continue to cause Azurity irreparable injury and damage for which there is no adequate remedy at law unless and until CoreRx is enjoined from infringing the '023 patent, Azurity has no complete, adequate remedy at law and, therefore, is entitled to injunctive relief.

**ANSWER:** Denied.

### Count II—[Alleged] Infringement of the '405 Patent under 35 U.S.C. § 271(a)-(c)

46.    Azurity realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:** Bionpharma incorporates its answers to paragraphs 1 through 32 as if fully set forth herein.

47.    On information and belief, the CoreRx Formulation has received final approval from FDA.

**ANSWER:** Paragraph 47 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Bionpharma admits that its ANDA has been approved by FDA.   Bionpharma denies all remaining allegations of Paragraph 47.

48.    On information and belief, CoreRx has engaged in and/or induced and continues to induce another, including Bionpharma, to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the CoreRx Formulation.   CoreRx's acts of infringement have irreparably injured and damaged and continue to irreparably injure and damage Azurity.

**ANSWER:** Denied.

49. The commercial manufacture, use, offer for sale, sale, and/or importation of the CoreRx Formulation is an act of direct infringement of one or more claims of the '405 patent under 35 U.S.C. § 271(a), including at least claim 1 of the '405 patent.

**ANSWER:** Denied.

50. On information and belief, CoreRx is inducing infringement of one or more claims of the '405 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing the CoreRx Formulation in the United States. On information and belief, CoreRx is intentionally encouraging acts of direct infringement with knowledge of the '405 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

51. On information and belief, CoreRx is contributorily infringing one or more claims of the '405 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing the CoreRx Formulation in the United States. On information and belief, CoreRx, through offering to sell or selling the CoreRx Formulation, has offered to sell or sold, and continues to do so, within the United States or import into the United States a component of a composition or material for use in practicing one or more claims of the '405 patent. On information and belief, CoreRx conducts and has conducted such activities knowing such component of a composition or material to be especially adapted for a use that infringes one or more claims of the '405 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

**ANSWER:** Denied.

52. The foregoing actions by CoreRx constitute infringement of the '405 patent.

**ANSWER:** Denied.

53.     CoreRx is committing those acts of infringement without license or authorization.

**ANSWER:** Denied.

54.     CoreRx is committing those acts of infringement despite its knowledge of both the '405 patent and the '405 Bionpharma Action Azurity is entitled to a judgement that the commercial manufacture, use, offer for sale, sale, and/or importation of the CoreRx Formulation infringes the '405 patent.

**ANSWER:** Denied.

55.     Azurity has suffered and will continue to suffer financial harm as a result of CoreRx's infringing activities.

**ANSWER:** Denied.

56.     The commercial manufacture, use, offer for sale, sale, and/or importation of the CoreRx Formulation in violation of Azurity's patent rights has caused and is continuing to cause substantial and irreparable harm to Azurity for which damages are inadequate.

**ANSWER:** Denied.

57.     Azurity is entitled to monetary damages but, because the infringement by CoreRx of the '405 patent will continue to cause Azurity irreparable injury and damage for which there is no adequate remedy at law unless and until CoreRx is enjoined from infringing the '405 patent, Azurity has no complete, adequate remedy at law and, therefore, is entitled to injunctive relief.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

Azurity respectfully requests the following relief:

a)      A finding that the Patents-in-Suit are valid and enforceable;

b)      A judgment that CoreRx's making, using, offering to sell, or selling in the United States, or importing into the United States of the CoreRx Formulation directly infringes one or more claims of the Patents-in-Suit;

c)      A judgment that CoreRx has induced infringement of the Patents-in-Suit by encouraging others to use, sell, offer for sale, and/or import the CoreRx Formulation in the United States before the expiration of the Patents-in-Suit;

d)      A judgment that CoreRx has contributorily infringed the Patents-in-Suit by offering to sell or selling the CoreRx Formulation in the United States before the expiration of the Patents-in-Suit, knowing the same is especially adapted for a use that directly infringes the Patents-in-Suit and that there is no substantial non-infringing use for the CoreRx Formulation;

e)      A judgment that CoreRx's infringement was and is willful;

f)      A finding that Azurity be awarded all damages adequate to compensate it for CoreRx's past infringement and any continuing or future infringement of the Patents-in-Suit in addition to interest and costs;

g)      A permanent injunction enjoining CoreRx, and its subsidiaries, parents, officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture use, offer to sell, or importation into the United States, of any drug product covered by the Patents-in-Suit, including the CoreRx Formulation, until the expiration of the Patents-in-Suit;

h)      A finding that CoreRx's infringement is willful and that the monetary damages awarded to Azurity be trebled and include pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

i)      A finding that this action for infringement is an exceptional case under 35 U.S.C. § 285, and that CoreRx is responsible for payment of Azurity's attorneys' fees and costs;

j)      An award of any such other and further relief as the Court may deem just and proper.

**ANSWER:**   Bionpharma denies Azurity is entitled to any of the relief requested in their Prayer for Relief or otherwise.

## <u>BIONPHARMA'S ADDITIONAL DEFENSES</u>

Bionpharma asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

### <u>FIRST DEFENSE</u>
### (INVALIDITY OF THE '023 PATENT)

The claims of the '023 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation for at least the reasons set forth in Bionpharma's counterclaim Count I.

### <u>SECOND DEFENSE</u>
### (NO INFRINGEMENT OF THE '023 PATENT)

The manufacture, use, offer for sale, sale, or importation of Bionpharma's ANDA product does not and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '023 patent for at least the reasons set forth in Bionpharma's counterclaim Count II.

### <u>THRID DEFENSE</u>
### (INVALIDITY OF THE '405 PATENT)

The claims of the '405 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation for at least the reasons set forth in Bionpharma's counterclaim Count III.

128004963.1

**FOURTH DEFENSE**
**(NO INFRINGEMENT OF THE '405 PATENT)**

The manufacture, use, offer for sale, sale, or importation of Bionpharma's ANDA product does not and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '482 patent for at least the reasons set forth in Bionpharma's counterclaim Count IV.

**FIFTH DEFENSE**
**(FAILURE TO STATE A CLAIM)**

Azurity's Complaint, in whole and/or in part, fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**
**(*RES JUDICATA*; COLLATERAL ESTOPPEL)**

Azurity's Complaint is barred on *res judicata* grounds, including on claim preclusion grounds as Azurity's Complaint asserts the same cause of action that was previously litigated and resolved in Bionpharma's favor in *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962-LPS, 19-1067-LPS, and 20-1256-LPS (D. Del.), including on claim preclusion grounds because Azurity has voluntarily twice dismissed the same causes of action against CoreRx, and including on collateral estoppel grounds.

**SEVENTH AFFIRMATIVE DEFENSE**
**(DISCLOSURE-DEDICATION)**

Plaintiff is legally barred from asserting infringement of certain claims of the

128004963.1

'023 and '405 patents under the disclosure-dedication doctrine.

## EIGHTH DEFENSE
## (LACK OF SUBJECT MATTER JURISDICTION)

This Court lacks subject matter jurisdiction over the claims in Azurity's Complaint, as those claims fail to state a case or controversy between Azurity and CoreRx.

*\*\*\**

WHEREFORE, Bionpharma requests the Court enter judgment in its favor, award Bionpharma its attorneys' fees, costs of this action, and such other and further relief as the Court deems proper.

## BIONPHARMA'S COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13 and 24, Intervenor-Defendant Bionpharma Inc. ("Bionpharma") hereby states for its Counterclaims against Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity"), the following:

## PARTIES

1.      Bionpharma is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 600 Alexander Rd., #2-4B, Princeton, NJ 08540. Bionpharma is in the business of, among other things, selling pharmaceutical drug products, including pharmaceutical drug products that Bionpharma has contracted with third parties to develop and supply, such as Defendant CoreRx, Inc. ("CoreRx"), a contract development and manufacturing organization ("CDMO").

2.      Upon information and belief, Azurity is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8 Cabot Road, Suite 2000, Woburn, MA 01801.  Upon information and belief, Azurity is the successor-in-interest to Silvergate Pharmaceuticals, Inc.

## NATURE OF THE ACTION

3.      Bionpharma brings this action for a declaratory judgment that U.S. Patent Nos. 11,040,023 ("'023 patent") and 11,141,405 ("'405 patent") (together,

"the patents-in-suit"), which Azurity asserts in the instant suit against CoreRx, are invalid and not infringed.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

4.     These claims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.     This Court has original jurisdiction over the subject matter of these claims under 28 U.S.C. §§ 1331 and 1338(a); and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.     This Court has subject matter jurisdiction over these claims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on an actual controversy between Bionpharma and Azurity arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

7.     This Court has personal jurisdiction over Azurity based on, *inter alia*, the filing of this lawsuit in this jurisdiction.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

9.     All conditions precedent to this lawsuit have occurred, been satisfied, or been waived.

10.    Bionpharma has retained the below listed counsel to represent it in the case, and agreed to pay counsel a reasonable fee for their services.

128004963.1

## FACTS COMMON TO ALL COUNTS

11.     On or about June 22, 2021, the United States Patent and Trademark Office issued the '023 patent.

12.     Upon information and belief, Azurity is the assignee of the '023 patent.

13.     On or about October 12, 2021, the United States Patent and Trademark Office issued the '405 patent.

14.     Upon information and belief, Azurity is the assignee of the '405 patent.

15.     Azurity purports and claims to have the right to enforce the '023 and '405 patents.

16.     In 2016, Bionpharma contracted with CoreRx to, in collaboration with Bionpharma, develop a 1 mg/mL enalapril maleate oral solution as generic to Azurity's Epaned® (enalapril maleate) oral solution, 1 mg/mL, and to commercially manufacture that product for Bionpharma.

17.     In 2018, Bionpharma prepared and filed with the U.S. Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") No. 212408, which sought FDA approval for the 1 mg/mL enalapril oral solution product that CoreRx had collaboratively developed with Bionpharma ("Bionpharma's ANDA").

18.     Bionpharma's ANDA was approved by FDA on or about August 10, 2021, and Bionpharma commercially and lawfully launched its ANDA product on or about August 17, 2021.

19.     Pursuant to a Master Manufacturing Supply Agreement effective November 2020 ("MMSA"), CoreRx commercially manufactures and supplies Bionpharma's ANDA product.

20.     On information and belief, on or about March 26, 2018, NovaQuest Capital Management ("NovaQuest"), an investment or venture capital firm, acquired a controlling interest in Azurity.

21.     On information and belief, on or about January 19, 2021, NovaQuest acquired a controlling interest in CoreRx.

22.     On information and belief, NovaQuest controls and/or dominates Azurity through an intermediate holding company, CutisPharma Intermediate Holdings Inc.

23.     On information and belief, NovaQuest controls and/or dominates CoreRx through an intermediate holding company, CutisPharma Intermediate Holdings Inc.

24.     On or about October 27, 2021, Azurity instituted this action against CoreRx, alleging, *inter alia*, that "CoreRx's manufacture, use, sale, importation, and/or offer to sell and/or inducement of or contributing to others to do the foregoing

within the United States of the product that is the subject of [Bionpharma's] ANDA . . . prior to the expiration of the [p]atents-in-[s]uit" infringes the patents-in-suit.  D.I. 1, Compl. ¶ 1.

25.     Bionpharma has an interest in the subject matter of the instant action; namely, CoreRx's manufacture and supply of Bionpharma's ANDA product.

26.     Disposal of the instant action without Bionpharma's participation would impair or impede Bionpharma's ability to protect its interest in the subject matter of this action.

27.     Because of the common ownership between Azurity and CoreRx, Bionpharma has a reasonable belief that CoreRx may not adequately represent Bionpharma's interest in the subject matter of this action.

28.     On or about November 11, 2021, Azurity filed a First Amended and Supplemental Complaint for Patent Infringement in the United States District Court for the District of Delaware in *Azurity Pharmaceuticals, Inc. v. Bionpharma, Inc.*, C.A. No. 21-1286-LPS (D. Del.) (D.I. 89) alleging, *inter alia*, that Bionpharma's commercial marketing of its ANDA product directly and indirectly infringes the '023 patent.

29.     On or about October 15, 2021, Azurity filed a Complaint for Patent Infringement in the United States District Court for the District of Delaware in *Azurity Pharmaceuticals, Inc. v. Bionpharma, Inc.*, C.A. No. 21-1455-LPS (D. Del.)

alleging, *inter alia*, that Bionpharma's commercial marketing of its ANDA product directly and indirectly infringes the '405 patent.

## COUNT I
### (Declaratory Judgment of Invalidity of the '023 Patent)

30.     Bionpharma realleges and incorporates by reference the allegations of paragraphs 1-29 as though fully set forth herein.

31.     There is an actual, substantial, and continuing case or controversy between Bionpharma and the Azurity regarding, *inter alia*, the invalidity of the '023 patent.

32.     The claims of the '023 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

33.     Claim 1 of the '023 patent, the sole independent claim, recites as follows:

> 1.  A stable oral liquid formulation, consisting essentially of:
>
> (i) about 0.6 to about 1.2 mg/ml enalapril or a pharmaceutically acceptable salt or solvate thereof;
>
> (ii) a sweetener;
>
> (iii) a preservative, wherein the preservative comprises sodium benzoate, a paraben or a mixture of parabens;
>
> (iv) water; and
>
> (v) optionally a flavoring agent;

wherein the formulation is stable at about 5±3° C. for at least 12 months; and wherein the stable oral liquid formulation has about 95% w/w or greater of the initial enalapril amount and about 5% w/w or less total impurity or related substances at the end of the given storage period.

34.  The specification of the '023 patent does not contain a written description of the subject matter claimed in the '023 patent, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains to make and use the same. Specifically, nowhere in the specification of the '023 patent is there any description of an enalapril liquid without a buffer, including an enalapril liquid without a buffer that would meet the stability limitations recited in the claims. Moreover, Azurity argued during the prosecution history of the '023 patent, and in connection with *Silvergate Pharmaceuticals, Inc. v. Bionpharma, Inc.*, Nos. 18-1062-LPS, 19-1067-LPS, and 20-1256-LPS (D. Del.), that the stability of enalapril oral liquid formulations was unpredictable and that only through preparation and testing of formulations could a person of ordinary skill ascertain what combination of ingredients would lead to stable formulations. There is nothing in the specification of the '023 patent demonstrating to a person of ordinary skill in the art that the named inventors were in possession of the claimed enalapril oral liquid formulations as of the filing date of the application that issued into the '023 patent, and the claims of the '023 patent are therefore invalid for lack of written description.

35.     The claims of the '023 patent are also invalid for lack of enablement, as the '023 patent specification does not describe the manner and process of making and using the invention so as to enable a person of skill in the art to make and use the full scope of the invention without undue experimentation.   Specifically, nowhere in the specification of the '023 patent is there any data provided or rationale advanced demonstrating that the claimed enalapril oral liquid formulations, some of which do not include buffers, would be stable at refrigerated conditions for the storage periods recited in the claims.   Moreover, Azurity argued during the prosecution history of the '023 patent, and in connection with *Silvergate Pharmaceuticals, Inc. v. Bionpharma, Inc.*, Nos. 18-1062-LPS, 19-1067-LPS, and 20-1256-LPS (D. Del.), that the stability of enalapril oral liquid formulations was unpredictable and that only through preparation and testing of formulations could a person of ordinary skill ascertain what combination of ingredients would lead to stable formulations.   It would require undue experimentation, including the preparation and testing for 12 months or longer of potentially tens of thousands of enalapril oral liquid formulations, for a person of skill in the art to determine what formulations meet the recited stability requirements and thus fall within the scope of the claims of the '023 patent.

36.     The claims of the '023 patent are also obvious and therefore invalid under 35 U.S.C. § 103 over the following references, which disclose each element

of the claims of the '023 patent:  (1) the 2014 Prescribing Information for the Epaned® Kit; (2) Ip and Brenner, 16 ANALYTICAL PROFILES OF DRUG SUBSTANCES 207, 236 (1987); (3) Raymond C. Rowe et al., HANDBOOK OF PHARMACEUTICAL EXCIPIENTs 605-610 (6th Ed. 2009); (4) U.S. Food and Drug Administration, *Guidance for Industry Q1A(R2) Stability Testing of New Drug Substances and Products* (Nov. 2003, Rev. 2; and (5) U.S. Patent No. 8,568,747 B1.  A POSA would be motivated to combine these references to formulate a ready-to-use enalapril liquid formulation that is stable for at least 12 months under refrigerated conditions, to overcome the problems associated with prior art enalapril liquid formulations, such as the Epaned® Kit, including lack of long-term stability.  There are no secondary considerations of non-obviousness that have a nexus to the '023 patent claims and that are commensurate in scope with those claims.

37.    Bionpharma is entitled to a judicial declaration that the claims of the '023 patent are invalid.

## COUNT II
### (Declaratory Judgment of Non-Infringement of the '023 Patent)

38.    Bionpharma realleges and incorporates by reference the allegations of paragraphs 1-29 as though fully set forth herein.

39.    There is an actual, substantial, and continuing case or controversy between Bionpharma and the Azurity regarding, *inter alia*, non-infringement of the claims of the '023 patent.

40.    Bionpharma's ANDA, and the manufacture, use, offer for sale, sale, importation, and/or marketing of Bionpharma's ANDA product, has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid or enforceable claim of the '023 patent, either literally or under the doctrine of equivalents.    For instance, any claim from Azurity that Bionpharma's ANDA product infringes the '023 patent are barred on claim preclusion grounds, as such a claim would assert the same cause of action previously litigated and resolved in Bionpharma's favor in connection with *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962-LPS, 19-1067-LPS, and 20-1256-LPS (D. Del.).    Furthermore, certain claims of the '023 patent require sodium benzoate as a preservative, such as '023 patent claims 17, 18, and 20; Bionpharma's ANDA product does not contain sodium benzoate.    Furthermore, Bionpharma has a license to the patents-in-suit under the MMSA, and any patent rights that Azurity may have had in Bionpharma's ANDA have been exhausted and/or extinguished by the first sale doctrine.

41.    Bionpharma is entitled to a judicial declaration that the filing of its ANDA, and the manufacture, use, offer for sale, sale, importation, and/or marketing of Bionpharma's ANDA product has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid or enforceable claim of the '023 patent, either literally or under the doctrine of equivalents.

## COUNT III
### (Declaratory Judgment of Invalidity of the '405 Patent)

42.    Bionpharma realleges and incorporates by reference the allegations of paragraphs 1-29 as though fully set forth herein.

43.    There is an actual, substantial, and continuing case or controversy between Bionpharma and the Azurity regarding, *inter alia*, the invalidity of the '405 patent.

44.    The claims of the '405 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

45.    Claims 1 and 13 of the '405 patent, the only independent claims, recite as follows:

> 1.  A stable oral liquid formulation, consisting essentially of: (i) about 0.6 to about 1.2 mg/ml enalapril or a pharmaceutically acceptable salt or solvate thereof;
>
> (ii) a preservative, wherein the preservative is sodium benzoate, ascorbic acid, ascorbyl palmitate, BHA, BHT, EDTA and its salts, erythorbic acid, fumaric acid, malic acid, propyl gallate, sodium ascorbate, sodium bisulfate, sodium metabisulfite, sodium sulfite, benzoic acid, potassium sorbate, vanillin, a paraben, or a mixture of parabens; and
>
> (iii) water;
>
> wherein the formulation optionally comprises a buffer to maintain the pH about 4.5 or below, a sweetener, a flavoring agent, or any combination thereof;

wherein the formulation is stable at about 5±3° C. for at least 12 months; and wherein the stable oral liquid formulation has about 95% w/w or greater of the initial enalapril amount and about 5% w/w or less total impurity or related substances at the end of the given storage period.

13. A stable oral liquid formulation, consisting essentially of:

(i) about 0.6 to about 1.2 mg/ml enalapril or a pharmaceutically acceptable salt or solvate thereof;

(ii) a preservative, wherein the preservative is sodium benzoate, ascorbic acid, ascorbyl palmitate, BHA, BHT, EDTA and its salts, erythorbic acid, fumaric acid, malic acid, propyl gallate, sodium ascorbate, sodium bisulfate, sodium metabisulfite, sodium sulfite, benzoic acid, potassium sorbate, vanillin, a paraben, or a mixture of parabens; and

(iii) water;

wherein the formulation optionally comprises a buffer that is present in the formulation at a concentration of up to 20 mM, a sweetener, a flavoring agent, or any combination thereof;

wherein the formulation is stable at about 5±3° C. for at least 12 months; and wherein the stable oral liquid formulation has about 95% w/w or greater of the initial enalapril amount and about 5% w/w or less total impurity or related substances at the end of the given storage period.

46. The specification of the '405 patent does not contain a written description of the subject matter claimed in the '405 patent, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains to make and use the same. Specifically, nowhere in the specification of the '405 patent is there any description of an enalapril liquid without a buffer, including an enalapril liquid without a buffer

that would meet the stability limitations recited in the claims.  Moreover, Azurity argued during the prosecution history of the '405 patent, and in connection with *Silvergate Pharmaceuticals, Inc. v. Bionpharma, Inc.*, Nos. 18-1062-LPS, 19-1067-LPS, and 20-1256-LPS (D. Del.), that the stability of enalapril oral liquid formulations was unpredictable and that only through preparation and testing of formulations could a person of ordinary skill ascertain what combination of ingredients would lead to stable formulations.  There is nothing in the specification of the '405 patent demonstrating to a person of ordinary skill in the art that the named inventors were in possession of the claimed enalapril oral liquid formulations as of the filing date of the application that issued into the '405 patent, and the claims of the '405 patent are therefore invalid for lack of written description.

47.    The claims of the '405 patent are also invalid for lack of enablement, as the '405 patent specification does not describe the manner and process of making and using the invention so as to enable a person of skill in the art to make and use the full scope of the invention without undue experimentation.  Specifically, nowhere in the specification of the '405 patent is there any data provided or rationale advanced demonstrating that the claimed enalapril oral liquid formulations, some of which do not include buffers, would be stable at refrigerated conditions for the storage periods recited in the claims.  Moreover, Azurity argued during the prosecution history of the '405 patent, and in connection with *Silvergate*

*Pharmaceuticals, Inc. v. Bionpharma, Inc.*, Nos. 18-1062-LPS, 19-1067-LPS, and 20-1256-LPS (D. Del.), that the stability of enalapril oral liquid formulations was unpredictable and that only through preparation and testing of formulations could a person of ordinary skill ascertain what combination of ingredients would lead to stable formulations.   It would require undue experimentation, including the preparation and testing for 12 months or longer of potentially tens of thousands of enalapril oral liquid formulations, for a person of skill in the art to determine what formulations meet the recited stability requirements and thus fall within the scope of the claims of the '405 patent.

48.     The claims of the '405 patent are also obvious and therefore invalid under 35 U.S.C. § 103 over the following references, which disclose each element of the claims of the '405 patent:   (1) the 2014 Prescribing Information for the Epaned® Kit; (2) Ip and Brenner, 16 ANALYTICAL PROFILES OF DRUG SUBSTANCES 207, 236 (1987); (3) Raymond C. Rowe et al., HANDBOOK OF PHARMACEUTICAL EXCIPIENTS 605-610 (6th Ed. 2009); (4) U.S. Food and Drug Administration, *Guidance for Industry Q1A(R2) Stability Testing of New Drug Substances and Products* (Nov. 2003, Rev. 2; and (5) U.S. Patent No. 8,568,747 B1.  A POSA would be motivated to combine these references to formulate a ready-to-use enalapril liquid formulation that is stable for at least 12 months under refrigerated conditions, to overcome the problems associated with prior art enalapril liquid formulations, such

as the Epaned® Kit, including lack of long-term stability.  There are no secondary considerations of non-obviousness that have a nexus to the '405 patent claims and that are commensurate in scope with those claims.

49.     Bionpharma is entitled to a judicial declaration that the claims of the '405 patent are invalid.

## COUNT IV
### (Declaratory Judgment of Non-Infringement of the '405 Patent)

50.     Bionpharma realleges and incorporates by reference the allegations of paragraphs 1-29 as though fully set forth herein.

51.     There is an actual, substantial, and continuing case or controversy between Bionpharma and the Azurity regarding, *inter alia*, non-infringement of the claims of the '405 patent.

52.     Bionpharma's ANDA, and the manufacture, use, offer for sale, sale, importation, and/or marketing of Bionpharma's ANDA product, has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid or enforceable claim of the '405 patent, either literally or under the doctrine of equivalents.  For instance, any claim from Azurity that Bionpharma's ANDA product infringes the '405 patent are barred on claim preclusion grounds, as such a claim would assert the same cause of action previously litigated and resolved in Bionpharma's favor in connection with *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962-LPS, 19-1067-LPS, and 20-1256-LPS (D.

Del.).  Furthermore, certain claims of the '405 patent require sodium benzoate as a preservative, such as '405 patent claims 9 and 18; Bionpharma's ANDA product does not contain sodium benzoate.  Furthermore, Bionpharma has a license to the patents-in-suit under the MMSA, and any patent rights that Azurity may have had in Bionpharma's ANDA have been exhausted and/or extinguished by the first sale doctrine.

53.    Bionpharma is entitled to a judicial declaration that the filing of its ANDA, and the manufacture, use, offer for sale, sale, importation, and/or marketing of Bionpharma's ANDA product has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid or enforceable claim of the '405 patent, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Bionpharma respectfully prays for judgment in its favor and against Azurity:

a) Declaring that the claims of the '023 patent are invalid;

b) Declaring that the claims of the '405 patent are invalid;

c) Declaring that the filing of Bionpharma's ANDA, and the manufacture, use, sale, offer for sale, importation, and/or marketing of Bionpharma's ANDA product has not infringed, does not infringe, and will not

infringe, either directly or indirectly, any valid and/or enforceable claim of the '023 patent either literally or under the doctrine of equivalents;

d)  Declaring that the filing of Bionpharma's ANDA, and the manufacture, use, sale, offer for sale, importation, and/or marketing of Bionpharma's ANDA product has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid and/or enforceable claim of the '405 patent either literally or under the doctrine of equivalents

e)  Ordering that Azurity's Complaint for Patent Infringement be dismissed with prejudice and judgment entered in favor of Bionpharma and CoreRx;

f)  Declaring this case exceptional and awarding Bionpharma its reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

g)  Awarding such other and further relief as the Court may deem just and proper.

Dated: [EXHIBIT A]                    Respectfully submitted,

                                      **CARLTON FIELDS, P.A.**

                                      By: [EXHIBIT A]
                                      Eleanor M. Yost
                                      Florida Bar No. 1003178
                                      J. Coy Stull
                                      Florida Bar No. 15764

4221 W. Boy Scout Blvd., Suite 1000
Tampa, Florida 33607-5780
Tel. No.:  (813) 229-4395
Fax No.:  (813) 229-4133
Email:  eyost@carltonfields.com
Email: jstull@carltonfields.com

Daniel C. Johnson
Florida Bar No. 522880
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801-3456
Tel. No.:  (407) 849-0300
Fax No.:  (407) 648-9099
Email: djohnson@carltonfields.com
Secondary:  dcarlucci@carltonfields.com
Secondary:  orlecf@cfdom.net


-and-

**TAFT, STETTINIUS
& HOLLISTER LLP**
Andrew M. Alul (*pro hac vice* motion to be filed)
(Lead Counsel)
Roshan P. Shrestha, Ph.D. (*pro hac vice motion to be filed*)
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Tel. No.:  312-527-4000
Email: aalul@taftlaw.com
Email: rshrestha@taftlaw.com

*Attorneys for [Proposed] Intervenor-Defendant Bionpharma Inc.*

128004963.1