IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) ) | |
| | ) | Case No. 8:21-cv-2515 (TPB) |
| *Plaintiff*, | ) | (SPF) |
| | ) | |
| v. | ) | |
| | ) | |
| CORERX, INC., | ) | |
| | ) | |
| *Defendant*. | | |

**AZURITY PHARMACEUTICALS, INC.'S REDACTED OPPOSITION TO
NON-PARTY BIONPHARMA, INC.'S MOTION TO INTERVENE**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................... 1

II.   FACTUAL BACKGROUND ...................................................... 2

    A.    Nature and Stage of the Proceedings .................................. 2

    B.    Azurity's Infringement Claims Against Bionpharma .......................... 2

    C.    The Bionpharma-CoreRx Suit .................................................. 3

III.  SUMMARY OF ARGUMENT .................................................... 3

IV.   ARGUMENT ....................................................................... 4

    A.    Legal Standards .................................................................. 4

    B.    Non-Party Bionpharma Has No Right to Intervene........................... 5

        1.    Non-Party Bionpharma Has No Interest in the Form of Dismissal Entered by the Court .................................................. 5

        2.    A Stipulated Dismissal of This Action Will Not Impair Any Interest Held by Non-Party Bionpharma.................................. 6

        3.    Bionpharma's Motion to Intervene Is Not Timely.................... 6

        4.    Bionpharma's Interests in the Underlying Litigation Were Adequately Represented........................................................... 8

        5.    Non-Party Bionpharma's Arguments Lack Merit .................... 10

            a.    There is No Risk of Inconsistent Rulings or Judgments . 10

            b.    Bionpharma's False Accusations Are Utterly Baseless... 10

            c.    Intervention Will Not Impact the Outcome of Bionpharma's Motion to Dismiss in the Delaware Litigation.................................................................... 12

                i.    The "two-dismissal" rule does not apply ............. 12

                ii.   Bionpharma is not in privity or interrelated with CoreRx ................................................................. 13

    C.    Bionpharma's Request for Permissive Intervention Should Be Denied 14

        1.    Bionpharma's Motion Is Untimely ........................................ 14

        2.    Bionpharma Does Not Share a Common Question of Law or Fact With This Case ............................................................. 14

        3.    Intervention Will Cause Delay and Prejudice to the Parties ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Athens Lumber Co., Inc. v. Fed. Election Comm'n,*
690 F.2d 1364 (11th Cir. 1982) ........................................ 4

*CAC Mar., Ltd. v. Redbrick Ventures, Ltd.*, No. 21-202-RGA,
2021 WL 3048405 (D. Del. July 20, 2021) ................................12

*Chiles v. Thornburgh,*
865 F.2d 1197 (11th Cir. 1989) ..............................................4, 14

*Clark v. Putnam Cnty.*,
168 F.3 458, 461 (11th Cir. 1999) ................................. 9

*S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*,
567 F. App'x 945 (Fed. Cir. 2014) .............................13

*St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co.*,
291 F.R.D. 75 (D. Del. 2013) .......................................13

*Sysco Corp. v. Chi-Chi's, Inc.*,
338 B.R. 618 (Bankr. D. Del. 2006) ............................12

*Tech. Training Assocs. v. Buccaneers Ltd. P'ship,*
874 F.3d 692 (11th Cir. 2017) ..................................... 9

*United States v. Jefferson Cnty.*,
720 F.2d 1511 (11th Cir. 1983) .................................6, 7

*Worlds v. Dep't of Health & Rehab. Servs.*,
929 F.2d 591 (11th Cir. 1991) .................................4, 5

## STATUTES

35 U.S.C. § 271(e)(2) ............................................... 2

## RULES

Fed. R. Civ. P. 24(a) ................................................ 4

Fed. R. Civ. P. 24(a)(2) ........................................... 4

Fed. R. Civ. P. 24(b)(1) ...........................................14

Fed. R. Civ. P. 24(b)(1)(B) ........................................................................ 4

Fed. R. Civ. P. 24(b)(3)............................................................................. 5

Fed. R. Civ. P. 41(a)(1)(A)(i) ................................................................... 2

## I.    INTRODUCTION

Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity") respectfully opposes Non-Party Bionpharma, Inc.'s ("Bionpharma") Motion to Intervene (D.I. 21).  Put simply, there is no longer a dispute between the two parties to this action.  Plaintiff Azurity and Defendant CoreRx, Inc. ("CoreRx") have signed a settlement agreement and resolved their dispute.  In accordance with their agreement, Azurity and CoreRx (the "Parties") have jointly asked the Court to re-open this action solely for the purpose of dismissing it by mutual consent.  The Parties' Joint Motion to Reopen Case for Limited Purpose of Correcting Dismissal (D.I. 18 ("Joint Motion")) is intended only to correct the form of dismissal previously submitted to and entered by the Court.

Non-Party Bionpharma seeks to intervene for the sole purpose of opposing the Parties' Joint Motion.  In other words, Bionpharma apparently disagrees with the form of dismissal agreed upon by the Parties.  However, non-party Bionpharma is a stranger to the Parties' written agreement and has no involvement in it.  Consequently, Bionpharma has no right or ability to alter the terms of the Parties' written agreement.[1]

Due to the absence of an underlying dispute between the Parties and due to Bionpharma's lack of any involvement or interest in the appropriate form of dismissal or the Parties' settlement agreement, Bionpharma's motion to intervene should be denied.

---

[1] Bionpharma seeks leave in a separate Motion to Set a Scheduling Conference to submit yet another brief, in the form of an opposition to the Joint Motion.  D.I. 23.  If Bionpharma had reasons to oppose the Joint Motion, it should have set forth those reasons in its request for intervention.

## II.   FACTUAL BACKGROUND

### A.   Nature and Stage of the Proceedings

Two months ago, Azurity filed this action against CoreRx, alleging infringement of U.S. Pat. Nos. 11,040,023 (the "'023 Patent") and 11,141,045 (the "'045 Patent").  D.I. 1.  The product accused of infringement is a pharmaceutical product manufactured and sold by CoreRx.[2]  D.I. 1, ¶ 20.

Shortly after the Complaint was filed, the Parties negotiated a settlement via their respective outside counsel.  Azurity subsequently dismissed all claims against CoreRx in this action.  D.I. 16.  As CoreRx had yet to file a response to the Complaint, Azurity styled the agreed-upon dismissal as a "notice" in accordance with Fed. R. Civ. P. 41(a)(1)(A)(i).  D.I. 16.

On December 10, 2021, Azurity and CoreRx filed the Joint Motion to reopen the case for the sole purpose of correcting the form of the dismissal from a voluntary dismissal to a stipulated dismissal.  D.I. 18.  Shortly thereafter, Bionpharma filed its Motion to Intervene.  D.I. 21.

### B.   Azurity's Infringement Claims Against Bionpharma

Azurity filed separate Complaints for infringement of the '023 and '045 Patents (and additional patents) against Bionpharma in the District of Delaware.  *Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 21-1286 & 21-1455 (D. Del.) (the

---

[2] Bionpharma's allegations that Azurity delayed in filing suit against CoreRx are unwarranted. Bionpharma was sued in Delaware on the constructive act of infringement pursuant to 35 U.S.C. § 271(e)(2) for submitting an Abbreviated New Drug Application.  Azurity could not sue CoreRx for infringement until the product was sold.

"Bionpharma Delaware Suits").  The infringement allegations against Bionpharma arise from specific actions undertaken by Bionpharma (not CoreRx), including, among other things, Bionpharma's submission of an Abbreviated New Drug Application ("ANDA") to United States Food and Drug Administration and Bionpharma's subsequent sale of an infringing pharmaceutical product.  The Bionpharma Delaware Suits remain pending and unresolved.

### C.    The Bionpharma-CoreRx Suit

Shortly after Bionpharma filed its Motion to Intervene in this action, Bionpharma filed a complaint against CoreRx, alleging breach of contract, in District Court for the Southern District of New York.  *Bionpharma Inc. v. CoreRx, Inc.*, No. 21-10656-JGK, D.I. 1 (S.D.N.Y. Dec. 13, 2021) (Ex. A).  In that action, Bionpharma alleges CoreRx breached an agreement to manufacture and supply the pharmaceutical product that infringes the '023 and '045 Patents.  *Id.*, ¶ 26.  Bionpharma intended to sell that infringing product commercially.  *Id.*, ¶ 19, 29

## III.   SUMMARY OF ARGUMENT

There is no longer a dispute between the Parties to this action.  A stipulated dismissal is jointly requested by the Parties and appropriate under the circumstances.  In the absence of any underlying dispute between the Parties, intervention makes little sense.  Bionpharma's stated reason for intervention—to stop Azurity and CoreRx from amending the form of the dismissal from voluntary to stipulated—also makes little sense.  Bionpharma was not involved in the negotiation or execution of the Parties'

settlement agreement and lacks any credible basis to oppose entry of the stipulated dismissal agreed upon by the Parties and attached to the Parties' Joint Motion.

Non-Party Bionpharma's Motion to Intervene in this action should be denied. Intervention is not appropriate or warranted.

## IV.   ARGUMENT

### A.   Legal Standards

The moving party must show that intervention is appropriate. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). To intervene by right under Rule 24(a)(2), Bionpharma must show that: (1) its application to intervene is timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is not adequately represented by the existing parties to the suit. Fed. R. Civ. P. 24(a); *Chiles*, 865 F.2d at 1213 (citing *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)). All four factors must be met. *Chiles*, 865 F.2d at 1213. Particularly relevant here, Bionpharma has the right to intervene only if it has a "direct, substantial, legally protectible interest in the proceeding." *Id.*

Alternatively, the Court may, at its discretion, permit intervention pursuant to Rule 24(b)(1)(B) on a timely motion if Bionpharma "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) ("it is wholly discretionary with the court whether to allow intervention under Rule 24(b) . . . even

though there is a common question of law or fact, or the requirement of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.").  In deciding whether to allow permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

### B.     Non-Party Bionpharma Has No Right to Intervene

Non-Party Bionpharma has no right to intervene.  It has not established any of the four required factors.

### 1.     Non-Party Bionpharma Has No Interest in the Form of Dismissal Entered by the Court

Non-Party Bionpharma has no interest in the form of dismissal to be entered by the Court.  The agreed-upon form of dismissal is memorialized in the Parties' written settlement agreement.  The settlement agreement is the result of bilateral negotiations between Azurity and CoreRx – each represented by separate legal counsel – that resolved this litigation.  Among other terms, the Parties' written agreement expressly identifies the form of dismissal for this action.  The intent of the Parties' pending Joint Motion is to implement the agreed-upon form of stipulated dismissal.

Non-Party Bionpharma seeks to intervene to oppose the form of dismissal attached to the Joint Motion.  But Bionpharma was not involved in the Parties' agreement and has no cognizable right that would permit it to alter the form of dismissal agreed-upon by the Parties.  Accordingly, non-party Bionpharma has no interest in the form of dismissal submitted by the Parties in the Joint Motion.

### 2.   A Stipulated Dismissal of This Action Will Not Impair Any Interest Held by Non-Party Bionpharma

Even if one were to mistakenly assume that non-party Bionpharma had an interest in the form of dismissal or the Parties' settlement agreement (which it does not), entry of a stipulated dismissal would not impair any such interest. The Parties' written agreement itself states that a stipulated dismissal is the agreed-upon form of dismissal. Bionpharma does not argue otherwise. Instead, Bionpharma has conceded that a stipulated dismissal was jointly agreed-upon by the Parties. D.I. 21 at 10-11.

To the extent non-party Bionpharma's purported "interest" in the form of dismissal arises from the patent infringement dispute pending between Azurity and Bionpharma in the District of Delaware, then Bionpharma already has a forum in which to contest Azurity's infringement allegations. A stipulated dismissal of this action will have no impact on the resolution of the Delaware action, nor will it impair Bionpharma's ability to defend itself in that action.

Thus, no conceivable interest would be impaired by entry of the proposed stipulated dismissal.

### 3.   Bionpharma's Motion to Intervene Is Not Timely

Non-Party Bionpharma's motion to intervene is not timely. Courts consider four factors when assessing timeliness: "(1) the length of time during which the would-be intervenor knew or reasonably should have known of [its] interest in the case before [moving] to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to [move for intervention] as soon as [it] knew or

reasonably should have known of [its] interest; (3) the extent of prejudice to the would-be intervenor if [its] position is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the [motion to intervene] is timely." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983) (citation omitted).  All four factors reflect that Bionpharma failed to act within a reasonable timeframe.

*First*, Bionpharma filed its motion to intervene only after this action was dismissed and closed.  Thus, Bionpharma failed to act before the case was resolved. *See id.* at 1516-17 (finding that a potential intervenor "cannot be now heard to complain" where the potential intervenor was on notice that its rights could adversely be affected yet failed to act before the resolution of the case).  Bionpharma had more than sufficient opportunity to intervene prior to dismissal of this case.  In fact, Bionpharma contacted counsel for Azurity on November 11, 2021 requesting a meet-and-confer regarding its intention to file a motion to intervene, which was subsequently held on November 15, 2021. Ex. B.  Yet Bionpharma chose to sit on its hands and refrain from filing a motion to intervene.  Only after this case was dismissed did Bionpharma file its untimely motion.   In accordance with *Jefferson County*, Bionpharma's own failure to act in a timely manner warrants denial of its motion.  720 F.2d at 1519.

*Second*, Bionpharma's motion prejudices Azurity by delaying the appropriate dismissal of this litigation.  Bionpharma's motion to intervene after the case has been dismissed is frivolous, burdensome, and will not affect the ultimate outcome of this

action – dismissal.  Instead, Bionpharma's motion has driven up litigation costs and needlessly burdened the Court with a meritless motion that relies on false accusations (which are addressed herein).

*Third*, non-party Bionpharma faces no prejudice whatsoever.  The action between Azurity and Bionpharma will continue to proceed in Delaware.  Bionpharma will have its day in court.

*Finally*, there are no unusual circumstances here.  The Parties settled the dispute outlined in the Complaint and subsequently dismissed this action.  If non-party Bionpharma wanted to intervene, it should have done so before the case was dismissed.

Accordingly, Bionpharma's Motion to Intervene is untimely.

### 4.    Bionpharma's Interests in the Underlying Litigation Were Adequately Represented

As discussed above, non-party Bionpharma has no interest in the specific form of dismissal entered by the Court or the Parties' settlement agreement.  Bionpharma concedes that the stipulated dismissal proposed by the Parties is jointly sought.  D.I. 21 at 10-11.

Bionpharma's argument regarding this factor instead attempts to focus on the infringement allegations in the Complaint filed in this action.  That argument ignores the fact that there is no longer a dispute arising from those allegations because the Parties have resolved their differences.  Thus, there is no longer any underlying dispute between the Parties regarding infringement.

Further, even if Bionpharma's argument is accepted at face value and the proper focus of this factor is the allegations of infringement stated in the Complaint, then under controlling law there is a presumption that Bionpharma's interests were adequately represented by CoreRx.   When the general objective of a potential intervenor and an existing party seem to be the same, there is a presumption that the intervenor's interests are adequately represented by the existing party.   *Tech. Training Assocs. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 697 (11th Cir. 2017) (*citing Clark v. Putnam Cnty.*, 168 F.3 458, 461 (11th Cir. 1999)).   Even if that presumption is overcome, adequate representation still exists if: (1) there is no collusion between the representative and an opposing party; (2) if the representative does not have or represent an interest adverse to the proposed intervenor; and (3) if the representative does not fail in fulfillment of its duty.   *Id.*   Here, all three requirements are satisfied.

First, as discussed in detail below in § IV.B.5.b, there was no collusion between Azurity and CoreRx.   Bionpharma's baseless accusations otherwise are entirely contrived.   Second, CoreRx did not have an interest adverse to Bionpharma in this action.   Bionpharma itself admitted that it presumed CoreRx would bring the same invalidity and non-infringement defenses presented in the Bionpharma Delaware Suits.   D.I. 21 at 14.   Finally, CoreRx did not fail to fulfill any duty by settling with Azurity.   CoreRx made a business decision to settle this case.   Bionpharma has no right to direct or overrule CoreRx's rational and reasonable decision to settle.   Simply because CoreRx and Bionpharma have chosen to respond to the infringement

allegations in different ways does not mean that CoreRx did not respond appropriately.

Accordingly, Bionpharma's interest in the underlying action was adequately represented by CoreRx.

### 5.    Non-Party Bionpharma's Arguments Lack Merit

Non-Party Bionpharma attempts to support its motion with a collection of arguments that lack merit.  None of non-party Bionpharma's false arguments change the simple fact that the Parties' written agreement specifically identifies the agreed-upon form of dismissal.

### a.    There is No Risk of Inconsistent Rulings or Judgments

Non-Party Bionpharma claims that denial of its motion would risk inconsistent rulings and judgments.  D.I. 21 at 11-12.  This is incorrect.  The Joint Motion asks the Court to dismiss this action without prejudice.  No ruling or judgment will be entered. Further, this action will be dismissed before CoreRx files a responsive pleading, so there have been no substantive rulings or judgments in this case.  Lastly, the form of the dismissal entered in this case has no effect on the rulings and judgments in the Bionpharma Delaware Suits.  *See infra*, § IV.B.5.c (explaining why Bionpharma's motion to dismiss fails regardless of the outcome of this motion).

### b.    Bionpharma's False Accusations Are Utterly Baseless

Lacking any credible basis to intervene, non-party Bionpharma resorts to name calling and false accusations.  Bionpharma falsely states that this action was a "sham litigation" because NovaQuest Private Equity ("NovaQuest"), a private investment

fund, has an ownership stake in both Azurity and CoreRx. D.I. 21 at 11, 12. Tellingly, Bionpharma cites no case law in support of its meritless accusation. Instead, Bionpharma's false accusation relies on hyperbole alone.

The reality is that Azurity and CoreRx are independent and wholly separate companies represented by separate legal counsel. Azurity has no control over CoreRx, or vice versa. Azurity alone made the decision to sue CoreRx. Azurity alone also made the decision to negotiate with CoreRx and settle the case. Azurity took those steps in consultation with its attorneys. At no time did Azurity act at the direction of another entity.[3] Bionpharma's baseless accusations otherwise lack support and are pulled out of thin air.

Other circumstances illustrate that non-party Bionpharma's baseless hyperbole is not only fiction, but remarkably hypocritical. As recently as this year, Bionpharma held an ownership interest in CoreRx. ███████████████████████████████ ████████████████████████████████████████████████████Master Manufacturing Supply Agreement with CoreRx ("Manufacturing Agreement"). Ex. C[4]; Ex. D. In accordance with Bionpharma's own hyperbolic assumption, the Manufacturing Agreement *must* have been a sham. Yet, Bionpharma recently sued CoreRx for alleged breach of that agreement. Nowhere in the Complaint does

---

[3] If the Court so desires, Azurity will submit a declaration attesting to these facts.
[4] Azurity is submitting a placeholder Exhibit C pursuant to L.R. 1.11(d). Azurity will also serve an unredacted version of this brief on CoreRx and Bionpharma. If a party moves to seal Exhibit C during the L.R. 1.11(d) time period, Azurity will move to file an unredacted version of this brief under seal. If no party moves for such relief, Azurity will file the unredacted version of this brief in connection with filing Exhibit C.

Bionpharma allege the Manufacturing Agreement is a sham.   To the contrary, Bionpharma must believe that the Manufacturing Agreement is valid because it filed a Complaint to enforce it.  *See* Ex. C.  Thus, Bionpharma apparently does not believe its own baseless hyperbole, but asks the Court to buy into it anyway.

### c. Intervention Will Not Impact the Outcome of Bionpharma's Motion to Dismiss in the Delaware Litigation

Bionpharma's attempt to assert the "two-dismissal" rule is meritless. Regardless of the form of the dismissal entered in this action, Bionpharma's motion to dismiss the Delaware litigation will fail.

### i. The "two-dismissal" rule does not apply

Delaware law recognizes the "two-dismissal" rule does not apply because both dismissals stemmed from the agreement made between the Parties, not a unilateral decision by Azurity.  *See CAC Mar., Ltd. v. Redbrick Ventures, Ltd.*, No. 21-202-RGA, 2021 WL 3048405, at *3 (D. Del. July 20, 2021) (declining to construe two previous dismissals as "strictly voluntary dismissals under Rule 41(a)(1)" when doing so "would do injustice . . . and run contrary to the 'basic purpose of the Federal Rules to administer justice through fair trials'") (citation omitted).  The rule protects defendants from a plaintiff filing numerous lawsuits, only to subsequently dismiss them unilaterally, thereby harassing the defendant and burdening the judicial system.  *Sysco Corp. v. Chi-Chi's, Inc.*, 338 B.R. 618, 625 (Bankr. D. Del. 2006).  Where a plaintiff's actions, regardless of how the dismissal is styled, are the result of an agreement by the parties, the rationale underlying the "two-dismissal" rule is moot and its enforcement

improper.  *Id.* at 624-25 (explaining that the "two-dismissal" rule does not apply if the "first dismissal was in essence, if not in form, by stipulation") (citation omitted).

The Parties agreed jointly to dismiss this action pursuant to the agreement, as evidenced by Azurity and CoreRx's Joint Motion.  Thus, the "two-dismissal" rule does not apply.

### ii.  Bionpharma is not in privity or interrelated with CoreRx

Even assuming, *arguendo*, the Delaware Court was to find the "two-dismissal" rule applicable, the rule's preclusive effect would not extend to Bionpharma—a non-party to the Azurity-CoreRx suits.

Bionpharma was not a party to either of the Azurity-CoreRx suits, nor has Bionpharma shown it is in privity with CoreRx, nor are the parties substantially interrelated such that adjudication on the merits with respect to CoreRx would extend to Bionpharma.  *See St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co.*, 291 F.R.D. 75, 78 (D. Del. 2013).  Bionpharma contracted with CoreRx to manufacture Bionpharma's ANDA Product.  ███████████████████████

██████████████████████████████████████████████████

███████████████████.  *See S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.,* 567 F. App'x 945, 960 (Fed. Cir. 2014) ("As we have held in *Transclean,* with regard to questions of intellectual property infringement and invalidity, the person who buys an allegedly infringing product is not considered to be in privity with the person who sells him the product.").

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

Far from supporting any aligned interests, ████████████████████

████████ Bionpharma and CoreRx had separate interests that they would separately

attend to without any interference or input from the other party.  Additionally, the

parties had independent counsel and Bionpharma has since sued CoreRx for breach

of contract.  Ex. A.  As a result, Bionpharma cannot be considered to be in privity with

CoreRx and therefore, Bionpharma could not claim the "two-dismissal" rule would

extend to it, a nonparty.

      **C.**    **Bionpharma's Request for Permissive Intervention Should Be Denied**

Non-Party Bionpharma also fails to satisfy the requirements for permissive

intervention.  To support a motion for permissive intervention, the potential intervenor

must show that: (1) its motion to intervene is timely; and (2) its claim or defense and

the main action share a common question of law or fact.  Fed. R. Civ. P. 24(b)(1);

*Chiles*, 865. F.2d at 1213.  Bionpharma fails on both of these points.

      **1.**    **Bionpharma's Motion Is Untimely**

As explained above in § IV.B.3 with regard to intervention as a matter of right,

Bionpharma's Motion to Intervene was not timely filed.

      **2.**    **Bionpharma Does Not Share a Common Question of Law or Fact With This Case**

The only issue left in this case is the form of dismissal.  Bionpharma seeks to intervene in this case solely to oppose the Parties' Joint Motion to correct the form of the dismissal.  Because that issue does not implicate any invalidity or non-infringement defense—*i.e.*, the alleged defenses Bionpharma asserts it shares with CoreRx—there are no common questions of law or fact between CoreRx and Bionpharma.

### 3.    Intervention Will Cause Delay and Prejudice to the Parties

Azurity respectfully submits that the Court should exercise its discretion to deny intervention for additional reasons.  As explained above in § IV.B.3, Bionpharma's intervention will cause delay and prejudice the rights of Azurity and CoreRx.

The dispute between non-party Bionpharma and Azurity will be litigated in the District of Delaware (where a patent infringement action remains pending).  The dispute between non-party Bionpharma and CoreRx will be litigated in the Southern District of New York (where Bionpharma filed a complaint for breach of contract).  There is no need for a redundant action in this District.  Any such redundancy would needlessly waste Court and party resources, present issues of federal comity, and unnecessarily raise the threat of inconsistent rulings and judgments.

\*\*\*

For the foregoing reasons, Azurity respectfully requests that the Court deny Bionpharma's Motion to Intervene.

Dated: December 30, 2021

Respectfully submitted,

/s/    *Woodrow Pollack*

Woodrow H. Pollack
**SHUTTS & BOWEN, LLP**
4301 W Boy Scout Blvd Ste 300
Tampa, FL 33607-5716
(813) 463-4894

*Attorneys for Plaintiff Azurity*
*Pharmaceuticals, Inc.*

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Ty W. Callahan
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
633 West Fifth Street, Suite 1550
Los Angeles, CA  90071
(323) 210-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2021 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I FURTHER CERTIFY that on December 30, 2021, a true and correct copy of an unredacted version of the foregoing was emailed to all counsel of record.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack